IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RODNEY MITCHELL LUNDY,  :
　　　　　　　　　　　　 :
　　　Petitioner,　　　　 :
　　　　　　　　　　　　 :
vs.　　　　　　　　　　　 :　　CIVIL ACTION 11-0018-CB-M
　　　　　　　　　　　　 :
J. C. GILES,　　　　　　 :
　　　　　　　　　　　　 :
　　　Respondent.　　　　 :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent J. C. Giles and against Petitioner Rodney Mitchell Lundy pursuant to 28 U.S.C. § 2244(d). It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

On December 8, 1997, Petitioner was convicted of receiving stolen property in the second degree, two counts of burglary in the third degree, and one count of burglary in the first degree in the Mobile County Circuit Court for which he received twenty years, for each of the four counts, to be served concurrently, in the state penitentiary (Doc. 22, Exhibits A, B, C, D; *see also* Doc. 13, p. 2). In 2002, Lundy was convicted of attempted burglary and possession of a burglary tool in Mobile County Circuit Court and was sentenced, as a habitual offender, to fifteen years in the state penitentiary (Doc. 1; *see also* Doc. 22, p. 3 and Exhibits E, F).[1] Petitioner did not file an appeal (Doc. 1, p. 3).

Petitioner filed a Rule 32 petition on February 25, 2009 (*see* Doc. 22, Exhibit I, p. 1). Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, on May 14, 2010, finding his claim that he had been improperly sentenced to be without merit (Doc. 22, Exhibit I). On August 6, 2010, Lundy's petition for writ of *certiorari* was denied by the Alabama Supreme Court which also entered a certificate of judgment (Doc. 22, Exhibit J).

On December 16, 2009, Lundy filed a petition for habeas

---

[1]It is these latter two convictions which are the subject of this action.

corpus in the Escambia County Circuit Court, alleging that his release date had been improperly calculated (Doc. 13, Exhibit A, pp. 3-12). On March 23, 2010, the Court granted the State's motion to dismiss the petition; Lundy did not appeal the dismissal (*see* Doc. 13, p. 4).

Petitioner filed a complaint with this Court on January 4, 2011, raising the following claims: (1) His sentence violates due process and (2) the equal protection of the laws in that it was improperly calculated (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 13, pp. 5-8). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). The AEDPA became effective on April

24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Respondent points to an exhibit provided by Lundy in which the Alabama Department of Corrections prepared an inmate summary for Petitioner on May 24, 2007 (Doc. 4, Exhibit 3).  The summary lists all of Lundy's convictions, notes his ineligibility for earning good time credit, and states that his earliest release date is October 20, 2017 (*id.*).  Respondent argues that Petitioner has been on notice since May 24, 2007 that his release date was not until 2017 and that because of his delay in filing this action, it is barred by the statute of limitations (Doc. 13, pp. 5-8).

The evidence shows that Lundy filed his first action, a Rule 32, on February 25, 2009, twenty-one months after he was put on notice of his release date and nine months too late for tolling purposes.  Furthermore, Petitioner did not file his State habeas corpus petition until December 16, 2009, nearly nineteen months later than the twelve-month tolling period had expired after he was put on notice of his release date.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no

4

period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's State court actions were filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996 (Docs. 16, 23). This action is time-barred.

Respondent has also claimed that Petitioner has procedurally defaulted on all of the claims raised in this Court. It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not

raise a particular claim in state courts so that they never had the opportunity to address the claim.

The evidence of record demonstrates the following. Lundy did not appeal the dismissal of his State habeas petition (*see* Doc. 13, p. 4). Alabama law clearly provided Petitioner the opportunity to seek review of the dismissal of his habeas petition. Ala. Code § 12-22-90. The thirty-day time period in which Petitioner could pursue this avenue of relief has passed. *See Miller v. Alabama*, 204 So.2d 512 (Ala. App. 1967). Because Petitioner did not pursue this claim in a timely fashion before the Alabama Courts, it is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). The record supports Respondent's assertion that these claims are procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of

6

these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts. Furthermore, Lundy has not shown that this Court's failure to discuss the merit of these two claims will result in a fundamental miscarriage of justice being visited upon him (Docs. 16, 23). Therefore, the Court considers Petitioner's two claims in this Court to be procedurally defaulted and the Court will not address their merit.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and because the claims raised therein are procedurally defaulted. It is further recommended that judgment be entered in favor of Respondent J. C. Giles and against Petitioner Rodney Mitchell Lundy pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Lundy has not exhausted his claims in the state courts of Alabama and this action is time-barred under AEDPA, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029 (2007), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lundy should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

9

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different

time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed <u>de</u> <u>novo</u> and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 3rd day of October, 2011.


                                             <u>s/BERT W. MILLING, JR.</u>
                                             UNITED STATES MAGISTRATE JUDGE